

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6910 | **DATE** | 10/16/2002 |
| **CASE TITLE** | Castro, et al. vs. Chicago Housing Authority | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for summary judgment on the "single site of employment" provision [79-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **2** number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | OCT 17 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | U.S. DISTRICT COURT | |
| | Copy to judge/magistrate judge. | | 10/16/2002 date mailed notice |
| MD | courtroom deputy's initials | 02 OCT 16 PM 4:35 Date/time received in central Clerk's Office | MD mailing deputy initials |

Document Number 87

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD CASTRO et al., | ) | **DOCKETED** |
| Plaintiffs, | ) ) ) | OCT 1 7 2002 |
| vs. | ) ) | No. 99 C 6910 |
| CHICAGO HOUSING AUTHORITY, | ) ) | Judge Joan H. Lefkow |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege in their complaint that the Chicago Housing Authority (the "CHA") violated the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. §§ 2101 *et seq.*, when CHA terminated their employment as police officers without giving them 60 days' notice. The WARN Act requires 60 days' notice only where there is a "plant closing" or "mass layoff." 29 U.S.C. § 2102(a). Both the WARN Act and the Department of Labor ("DOL") regulations define "mass layoff" as a reduction in force that results in an employment loss at a "single site of employment" during any 30-day period for at least 33 percent of the active employees where at least 50 employees are terminated, or for at least 500 employees, regardless of whether there is at least a 33 percent reduction of force. *See* 29 U.S.C. § 2101(a)(3); 20 C.F.R. § 639.3(c). Before the court is plaintiffs' motion for summary judgment on the "single site of employment" provision. For the reasons set forth herein, the court grants the motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## BACKGROUND[1]

On February 22, 2001, CHA, by and through its current counsel from Franczek Sullivan, P.C., moved for summary judgment. With respect to the "single site of employment" provision under the WARN Act, CHA argued that if the court finds that CHA comes within the Act's

---

[1] Additional factual background is provided in the court's previous opinion, *Castro et al.* v. *Chicago Hous. Auth.*, No. 99 C 6910, 2001 WL 709445, at *1-3 (N.D. Ill. June 25, 2001).

purview, then not all of plaintiffs' terminations are actionable under the Act since only one of the work sites employed at least 50 terminated officers. On June 21, 2001, the court determined that the evidence offered by both parties was "sparse" and held that "the disputed and meager record in this case is simply insufficient to determine whether a 'single site' existed for WARN purposes." *Castro et al.* v. *Chicago Hous. Auth.*, No. 99 C 6910, 2001 WL 709445, at *6 (N.D. Ill. June 25, 2001). The court, however, denied CHA's motion for summary judgment and allowed the parties to develop the facts further on the single site issue.

On July 30, 2001, the court granted CHA's motion to substitute counsel whereby Franczek Sullivan, P.C. withdrew and counsel from Querrey & Harrow, Ltd., including Teresa Kopriva ("Kopriva"), appeared on behalf of CHA. On November 1, 2001, this case was referred to Magistrate Judge Ian H. Levin for settlement conference. Meanwhile, the parties continued with discovery.

On March 7, 2002, Kopriva wrote to plaintiffs' counsel, referring to the single site issue as a "single site defense." Kopriva stated:

> The Chicago Housing Authority will not be proceeding with the single site defense. I am unaware of any multiple site defense under the WARN Act. Accordingly, there was no reason to meet [in preparation for a settlement conference] as no documents were to be exchanged nor was any monetary offer going to be made at that time. Any such meeting would have been non-productive and a baseless cost to our clients.

(Pl. Ex. 1.) Moreover, on July 1, 2002, Kopriva wrote to plaintiffs' counsel, again referring to the single site issue as a "single site defense." Kopriva stated:

> I also understand from your answers and responses to written discovery that because the Chicago Housing Authority is not pursuing the single site defense that you will not be reviewing the log books and/or CO [(Command Order)] books as those documents are irrelevant to any issue in this case.

3

(*Id.*) Moreover, during settlement negotiations between the parties, Kopriva represented that CHA would not pursue the "single site defense."[2]

Around the same time, on June 13, 2002, while the parties were still engaged in settlement discussions, this court granted plaintiffs' motion to set a discovery schedule. All written discovery ended on June 27, 2002 and the remaining depositions ended on August 30, 2002. Because of Kopriva's statements to plaintiffs' counsel, plaintiffs' counsel assumed that the "single site defense" was no longer an issue. (Pl. Mem. at 4.) Therefore, plaintiffs did not take depositions or seek relevant documents to prove that the separate CHA locations within the CHA Police Department constituted a "single site of employment" under the WARN Act. (*Id.*)

On August 1, 2002, Magistrate Judge Levin determined that the parties were unable to settle and returned the case to this court for further proceedings. On that same date, this court granted CHA's uncontested motion for leave to file a substitution of attorneys in which counsel from Querrey & Harrow, Ltd. including Kopriva withdrew and the same counsel from Franczek

---

[2]CHA argues that statements made by Kopriva during settlement negotiations are inadmissible under Federal Rule of Evidence 408 because they were made in "compromise negotiations." Rule 408 provides,

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Kopriva's statements are not excluded by Rule 408. They are not an offer of compromise and are not here offered to prove liability. Instead, the evidence is offered for the purpose of showing that CHA has stipulated that the separate CHA locations constituted a single site of employment. *Cf. Bankcard Am., Inc.* v. *Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000) ("It would be an abuse of Rule 408 to allow one party during compromise negotiations to lead his opponent to believe that he will not enforce applicable time limitations and then object when the opponent attempts to prove the waiver of time limitations").

4

& Sullivan, P.C. appeared on behalf of CHA. (Pl. Ex. 5.) In the motion for substitution, CHA stated: "The addition of attorneys will not hinder or delay the litigation, including the upcoming trial date of November 25, 2002." (*Id.* ¶ 4.)

According to plaintiffs, CHA's counsel subsequently indicated it would "resurrect" the "single site defense," asserting that Kopriva's statements did not waive this defense. (Pl. Mem. at 4.) On September 24, 2002, plaintiffs filed the instant motion for summary judgment on the single site issue.

## DISCUSSION

Plaintiffs contend that CHA waived the "single site defense" based on Kopriva's statements to plaintiffs' counsel and, therefore, CHA is barred from arguing that CHA did not engage in a "mass layoff" as defined at 29 U.S.C. § 2101(a)(3) or, in other words, that the separate CHA locations constituted a "single site of employment." Moreover, plaintiffs explain that, based on Kopriva's statements to plaintiffs' counsel, they did not take any depositions or seek any relevant documents to prove that the separate CHA locations constituted a single site of employment. Obviously, plaintiffs would be prejudiced if the court were to allow CHA to produce evidence that the CHA Police Department consisted of separate sites for WARN Act purposes while plaintiff is without evidence to the contrary.

In response, CHA argues that the single site requirement cannot be waived because it is a jurisdictional requirement. Further, CHA argues, even assuming the single site requirement can be waived, Kopriva's statements during discovery do not constitute waiver. Finally, CHA argues that this case will not be delayed and plaintiffs will not be prejudiced if the court denies plaintiffs' motion for summary judgment.

A.      **Whether the single site provision is a jurisdictional requirement**

CHA asserts that the "single site of employment" provision is a jurisdictional requirement that plaintiffs must satisfy to establish that the employer is liable under the WARN Act, citing *Teamsters Union, Local No. 413* v. *Drivers, Inc.*, Civ. No. C-2-94-171, 1995 WL 908684, at *7 (S.D. Ohio Aug. 24, 1995) (Kinneary, J.), and *Rowan* v. *Chicago Housing Authority*, 149 F. Supp. 2d 390, 392 (N.D. Ill. 2001). CHA argues that because parties cannot waive a jurisdictional requirement, the court is "obligated" to examine the single site issue and determine whether it has subject matter jurisdiction under the WARN Act. (Def. Resp. at 3.) CHA relies on *Levin* v. *Attorney Registration and Disciplinary Commission*, 74 F.3d 763, 766 (7th Cir. 1996), for the language that "[s]ubject-matter jurisdiction cannot be waived and may be contested by a party or raised *sua sponte* at any point in the proceedings" and *Kelly* v. *United States*, 29 F.3d 1107, 1113 (7th Cir. 1994), *overruled on other grounds*, *United States* v. *Ceballos*, 30 2F.3d 679, 690 (7th Cir. 2002), for the language that "federal courts have an obligation–regardless of the arguments advanced to them by the parties–to assure themselves of their own jurisdiction."

The principle that subject matter jurisdiction cannot be waived is immutable. But the question presented is not whether this court has subject matter jurisdiction, it is one of "coverage," concerning whether plaintiffs are protected by the WARN Act. *See U.S. E.E.O.C.* v. *Sibley & Austin*, No. 01 C 9635, 2002 WL 206485, at *2 (N.D. Ill. Feb. 11, 2002) (Lefkow, J.), citing *E.E.O.C.* v. *Karuk Tribe Housing Authority*, 260 F.3d 1071, 1075-78 (9th Cir. 2001) ("'[J]urisdiction' and 'coverage' are sometimes used interchangeably . . . ."). Jurisdiction refers to whether the court has authority to decide the case, as it certainly does under 29 U.S.C. § 2104(a)(5). Just as in a Title VII case where the plaintiff is not covered (or protected) if the

defendant has fewer than 15 employees, 42 U.S.C. § 2000e(b),[3] plaintiffs here are not covered if they cannot establish that a mass layoff occurred under 29 U.S.C. § 2102(a). *Accord, Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1998) ("We have recently clarified that a district court does not lack subject matter jurisdiction in cases where the defendant fails to meet the statutory definition of 'employer.'").

The court is confident that Judge Kinneary in *Teamsters Union, Local No. 413*, was referring to coverage rather than his authority to decide the case when he stated in closing his opinion, "[T]he WARN Act did not apply to the employees in this case, and this Court does not have jurisdiction over this matter." 1995 WL 908684 at *7. Similarly, where Judge Castillo in *Rowan* found there was no single site of employment and stated, "The [WARN] Act is only triggered . . . if an employer conducts a plant closing or mass layoff," he was not referring to his authority to decide the case but rather to the issue of whether the plaintiffs were covered under the WARN Act. 149 F. Supp. 2d at 392. Because the single site issue is not a jurisdictional requirement, it can be waived or forfeited by CHA.

## B. Whether Kopriva's statements constitute a waiver or forfeiture of the single site issue

Perhaps anticipating that its jurisdictional argument would not survive, CHA alternatively contends that Kopriva's statements "hardly evidence a clear waiver of the single site requirement. Rather the letters merely demonstrate the give-and-take of the discovery process." (Def. Resp. at 4.) Moreover, CHA asserts that because Kopriva refers to the single site issue as the "single site

---

[3]Title VII provides that an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person, . . . ." 42 U.S.C. § 2000e(b).

7

defense," it would be unreasonable to hold CHA to these statements because plaintiffs actually bear the burden of proof on the single site issue. CHA relies on *United States* v. *Wingate*, 128 F.3d 1157, 1160-61 (7th Cir. 1997), *United States* v. *Kramer*, 955 F.2d 479, 491-92 (7th Cir. 1992), and *Strozewski* v. *Sherman Equipment Co.*, 76 Ill. App. 3d 266, 270, 395 N.E.2d 38, 41 (1979), to argue that the court should not interpret Kopriva's statements as a stipulation on CHA's part that plaintiffs meet the single site requirement.

Because coverage is an element plaintiffs must prove to be entitled to relief, they undoubtedly bear the burden of showing that the separate CHA locations under the CHA Police Department constitute a "single site of employment" under the WARN Act. *Accord, Hooper* v. *Polychrome, Inc.*, 916 F. Supp. 1111, 1118 (D. Kan. 1996) (stating "plaintiff bears the burden of proof to show that the threshold requirements for application of the WARN Act have been met" and holding two separate manufacturing and administrative sites did not constitute a "single site of employment" under the WARN Act). However, CHA may still waive, or perhaps more appropriately here, forfeit its right to challenge plaintiffs on that issue. As the court in *United States* v. *Johnson*[4] stated:

> There are two types of implied waiver. One, the only one that can properly be called "waiver," is where an intention to relinquish the right, although not expressed, can be inferred. The other, properly called "forfeiture" rather than "waiver" in recognition that waiver is canonically defined as an intentional relinquishment of a right, *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), is where the right is taken away from its holder as a penalty for failure to assert it in a clear and timely manner. It is not always clear when a case is one of actually implied waiver or one of forfeiture.

---

[4]In *Johnson*, the court held that the criminal defendant waived his right to self-representation by raising his right after the case was one year old and on the verge of trial.

8

223 F.3d 665, 668 (7th Cir. 2000). Contrary to CHA's assertion that Kopriva's statements were part of the "give-and-take of the discovery process," Kopriva's statements were representations to plaintiffs' counsel that plaintiffs need not conduct discovery on whether the numerous police officers were employed at a single site of employment under the WARN Act. The court's discussion of this issue in its June 21, 2001 opinion was clear that discovery was needed. When CHA said it would not assert the "single site defense," it could only have been referring to this issue, whether labeled a defense or an element of plaintiffs' case-in-chief and amounts to a stipulation that the officers were employed at a single site. As such, CHA impliedly waived its right to contest the issue or, if it did not waive, it certainly forfeited the right by its failure to assert it in a clear and timely manner. Plaintiffs' counsel had a right to rely on Kopriva's representation and prejudice can only be avoided by reopening discovery. The court, however, declines to reopen discovery in a case that is now three years old with trial on the horizon.

Moreover, *Wingate*, *Kramer*, and *Strozewski* do not provide support for CHA's position that the court should decline to treat Kopriva's statements as a stipulation. Both *Wingate* and *Strozewski* support plaintiffs because the courts enforced the stipulations between the parties. In fact, in *Strozewski*, the court recognized that the defendant had previously regarded the stipulation between the parties as valid because of defendant's conduct during discovery. In *Kramer*, the court declined to enforce the stipulation between the government and a criminal defendant, but only because it found that the government entered into the stipulation based on its assumption that the co-defendant would be tried with the other defendants. The circumstances changed when the lower court granted a motion to sever the co-defendant's trial from the other defendants. Here, the only change is a change of counsel with a different view of the case.

9

For these reasons, the court finds that there is no genuine issue of material fact that plaintiffs were employed at a single site of employment during any 30-day period for at least 33 percent of the active employees. The jury will be advised that the "single site of employment provision" is a stipulated fact.

## ORDER

For the above-stated reasons, plaintiffs' motion for summary judgment is granted [#79].

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: October 16, 2002